Filed
10/15/2015 10:26:01 AM
Esther Degollaco
District Clerk
Webb District
Linda Torres
2015CV00368D1

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED: _____ **LUIS A. SOTO V. ASI LLOYDS** _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Clayton Hardin | Email: clayton@vosslawfirm.com devon@vosslawfirm.com | Plaintiff(s)/Petitioner(s): Luis A. Soto | Attorney for Plaintiff/Petitioner<br>Pro Se Plaintiff/Petitioner<br>Title IV-D Agency<br>Other: |
| Address: 26619 Interstate 45 | Telephone: (713) 861-0015 | Defendant(s)/Respondent(s): ASI Lloyds<br>[Attach additional page as necessary to list all parties] | **Additional Parties in Child Support Case:**<br>Custodial Parent: |
| City/State/Zip: The Woodlands, TX 77380 | Fax: (713) 861-0021 | | Non-Custodial Parent: |
| Signature: | State Bar No: 24090144 | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>   XXX Consumer/DTPA<br>   Debt/Contract<br>   Fraud/Misrepresentation<br>   Other Debt/Contract:<br>   Breach of Contract<br>*Foreclosure*<br>   Home Equity—Expedited<br>   Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract: | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br>   Accounting<br>   Legal<br>   Medical<br>   Other Professional<br>      Liability:<br><br>Motor Vehicle Accident<br>Premises<br>*Product Liability*<br>   Asbestos/Silica<br>   Other Product Liability<br>      List Product:<br><br>   Other Injury or Damage: | Eminent Domain/<br>   Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property: | Annulment<br>Declare Marriage Void<br>*Divorce*<br>   With Children<br>   No Children | Enforcement<br>Modification—Custody<br>Modification—Other<br>**Title IV-D**<br>Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>   Pre-indictment<br>Other: | Enforce Foreign<br>   Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>   of Minority<br>Other: | Adoption/Adoption with<br>   Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>   Rights<br>Other Parent-Child: |

| Employment | Other Civil | | |
|---|---|---|---|
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment: | Administrative Appeal<br>Antitrust/Unfair<br>   Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br>   Dependent Administration<br>   Independent Administration<br>   Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
Less than $100,000 and non-monetary relief
XXX Over $100,000 but not more than $200,000
Over $200,000 but not more than $1,000,000
Over $1,000,000.

Filed
10/15/2015 10:26:01 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2015CVF003368D1

CAUSE NO. _____

| | | |
|---|---|---|
| **LUIS A. SOTO,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Luis A. Soto** (hereinafter "Plaintiff"), and complains of ASI Lloyds (hereinafter "Defendant"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Laredo, in Webb County, Texas.

### PARTIES

3.      Plaintiff, Luis A. Soto, is an individual whose residence is located in Laredo, Webb County, Texas.

---

4.      Defendant, ASI Lloyds, is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Defendant may be served with Citation and a copy of this Petition, by serving it through its agent, Rodney D. Bucker, at his principal address, 700 North Pearl Street 25th Floor, Dallas, Texas 75201, or wherever he may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 801 Revilla Drive, Laredo, Texas 78045, (the "Property"). In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, TXL196585, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 9, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process.  By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

---

PLAINTIFF LUIS A SOTO'S ORIGINAL PETITION                                    Page 2

10. Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, his residential policy covered Plaintiff during the time period in question.

11. Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12. Moreover, Defendant has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13. In the months following, Plaintiff provided information to Defendant, as well as provided opportunities for Defendant to inspect the Property. However, Defendant failed to conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14. Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15. Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.    Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

17.    Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendant that failed to conduct a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.    Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Defendant. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.   All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

23.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.   Defendant had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.   Defendant breached this duty in a number of ways, including but not limited to the following:

    a.    Defendant was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

    b.    Defendant had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

    c.    Defendant failed to properly complete all adjusting activities associated with Plaintiff.

25.   Defendant's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.
### BREACH OF CONTRACT

26.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

---

27.     According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Defendant's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

  a.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

  b.   Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

  c.   Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

---

which the consumer would not have entered had such information been disclosed;

d.    Using or employing an act or practice in violation of the Texas Insurance Code;

e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.    Failure to properly investigate Plaintiff's claim; and/or

g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

32.    As described in this Original Petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.    As described in this Original Petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.    By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Defendant has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.    Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendant to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

40.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his

costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.    Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendant, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendant to his detriment.  Accordingly, Defendant became the insurer of Plaintiff.

44.     As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

46.     As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

**E.**
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.    By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.    Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

**F.**
## BREACH OF FIDUCIARY DUTY

50.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.    Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff. Defendant breached that fiduciary in that:

     a.    The transaction was not fair and equitable to Plaintiff;

     b.    Defendant did not make reasonable use of the confidence that Plaintiff placed upon it;

    c.      Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d.      Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e.      Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.      Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.    Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendant's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.    Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.    Such violations include, without limitation, all the conduct described in this Original Petition, plus Defendant's failure to properly investigate Plaintiff's claim. Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's Property, as to which Defendant's liability had become reasonably clear.

56.    Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes

Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b. Engaging in unfair claims settlement practices;

c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

---

59.     Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Defendant is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Defendant fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Defendant knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically plaintiff seeks monetary relief over $100,000 but not more than $200,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Defendant's conduct was committed knowingly and intentionally.   Accordingly, Defendant is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all

operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

_____74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.     Please produce Defendant's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.     Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.   Please produce the electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.   Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.   Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.   Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.   Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.   Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Defendant intend to offer these items into evidence at trial.

## INTERROGATORIES

_____75.   Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

1.   Please identify any person Defendant expect to call to testify at the time of trial.

2.   Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.   If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.   Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation.

5.   Please state the following concerning notice of claim and timing of payment:

    a.   The date and manner in which Defendant received notice of the claim;

      b.     The date and manner in which Defendant acknowledged receipt of the claim;

      c.     The date and manner in which Defendant commenced investigation of the claim;

      d.     The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and

      e.     The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

6.    Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.    When was the date Defendant anticipated litigation?

9.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

10.   Does Defendant contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11.   Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.   Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?   If so, state the general factual basis for this contention.

13.   How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

      a.     what performance measures are used; and

      b.     describe Defendant's bonus or incentive plan for adjusters.

## CONCLUSION

76.   Plaintiff prays that judgment be entered against Defendant Lloyds, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

### THE VOSS LAW FIRM, P.C.

*/s/ Clayton Hardin*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Clayton Hardin
State Bar No. 24090144
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
clayton@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

WEBB CO DISTRICT CLERK Fax:956-523-5121   Nov 19 2015 11:22am P022/030

Filed
10/15/2015 10:26:01 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2015CVF003368D1

# THE VOSS LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TOLL FREE (866) 203-5411
FACSIMILE (713) 861-0021
www.VossLawFirm.com

Thursday, October 15, 2015

*Via E-File*
*Via CMRRR: 7013 2630 0001 4785 9518*
Webb County District Clerk
1110 Victoria Street #203
Laredo, Texas 78040

*Re: Luis A. Soto v. ASI Lloyds*

Dear Webb County District Clerk's Office,

Please mail a copy of the original petition, and citation for service, once postage arrives for delivery.

Sincerely,

Clayton Hardin
Attorney at Law
clayton@vosslawfirm.com

CH:dcm



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

October 20, 2015

## NOTICE OF CALENDAR CALL

CAUSE NO. 2015CVF003368 D1

LUIS A. SOTO
VS
ASI LLOYDS

Please take notice that this case is set for Calendar Call on ___01/05/2016___
at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:

## ✳✳ Transmit Confirmation Report ✳✳

P.1                                          Oct 21 2015 02:40pm
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917138610021 | Fine | 21.02:39pm | 0'42" | 1 | O K | |



State District Court
49ᵀᴴ Judicial District of Texas
Counties of Webb and Zapata

Jose A. Lopez
State District Judge

October 20, 2015

### NOTICE OF CALENDAR CALL

CAUSE NO. 2015CVF003368 D1

LUIS A. SOTO
VS
ASI LLOYDS

Please take notice that this case is set for Calendar Call on __01/05/2016__
at 1:30 PM at the 49ᵗʰ District Court, 3ʳᵈ Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49ᵗʰ District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 759 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9759
49th_districtcourt@webbcountytx.gov

"RETURN"
2015CVF003368 D1

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: ASI LLOYDS
    BY SERVING ITS REGISTERED AGENT:
    RODNEY D. BUCKER
    700 NORTH PEARL STREET, 25TH FLOOR
    DALLAS,  TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF003368 D1 , styled:
    LUIS A. SOTO, PLAINTIFF
    VS.
    ASI LLOYDS, DEFENDANT
Said Plaintiff's Petition was filed on 10/15/2015 in said court by:
    CLAYTON HARDIN, ATTORNEY FOR PLAINTIFF
    26619 INTERSTATE 45 SOUTH
    THE WOODLANDS,  TX 77380

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 20 day of October, 2015.

C L E R K   O F   C O U R T

CALENDAR CALL SET FOR
01/05/2016 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Herlinda Torres_ DEPUTY
    HERLINDA TORRES

WEBB CO DISTRICT CLERK Fax:956-523-5121   Nov 19 2015 13:25   P026/030

2015CVF003368 D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within
named ASI LLOYDS, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                              DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____

"SERVE"
2015CVF003368 D1

CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  ASI LLOYDS
     BY SERVING ITS REGISTERED AGENT:
     RODNEY D. BUCKER
     700 NORTH PEARL STREET, 25TH FLOOR
     DALLAS,   TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF003368 D1 , styled:
     LUIS A. SOTO, PLAINTIFF
     VS.
     ASI LLOYDS, DEFENDANT
Said Plaintiff's Petition was filed on 10/15/2015 in said court by:
     CLAYTON HARDIN, ATTORNEY FOR PLAINTIFF
     26619 INTERSTATE 45 SOUTH
     THE WOODLANDS,   TX 77380

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 20 day of October, 2015.

          C  L  E  R  K    O  F    C  O  U  R  T

CALENDAR CALL SET FOR
01/05/2016 AT 1:30P.M.

                    ESTHER DEGOLLADO
                    WEBB COUNTY DISTRICT CLERK
                    P.O. BOX 667
                    LAREDO, TX 78042

                    BY: _Herlinda Torres_ DEPUTY
                    HERLINDA TORRES

WEBB CO DISTRICT CLERK Fax:956-523-5121        Nov 19 2015 17:27am P028/030

2015CVF003368 D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within
named ASI LLOYDS, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                              DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.

_____
                              NOTARY PUBLIC

MY COMMISSION EXPIRES _____

WEBB CO DISTRICT CLERK Fax:956-523-5121   Nov 19 2015 14:27am P029/030

```
          W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                         CIVIL CASE DOCKETS
Webb County Courts - Live                               PAGE
DATE  11/18/15                                          MV0260
TIME  14:48:11                                          DCCMG


===================================================================
CASE NUMBER . . . . : 2015CVF003368 D1   CASE TYPE : F01  CONSUMER/DTPA
PLAINTIFF . . . . . : SOTO,LUIS,A,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :


DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : HARDIN,CLAYTON,,           PHONE NUMBER: 000-000-00
ADDRESS . . . . . . : 26619 INTERSTATE 45 SOUTH
                      THE WOODLANDS            TX  77380


   VS.

DEFENDANT NAME  . . : ASI LLOYDS,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 700 NORTH PEARL STREET 25TH FLOOR
                      DALLAS                   TX  75201
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active      STATUS DATE . . . : 10/15/2015
CASE DISPOSITION  . :            DISPOSITION DATE  :

ENTRY/FILING DATE . : 10/15/2015

JUDGE . . . . . . . : Joe Lopez
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :            IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG*CONTRACT
COMPLAINT DATE  . . : 10/15/2015  COMPLAINT AMOUNT  :
INTEREST DATE . . . :            INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :            COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :            TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :            GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                     ACTIVITY T
-------------  -----------------------------------------  ----------
10/15/2015   Jury Fee                                   Jury Fee
      JURY DEMAND PAID BY ATTORNEY CLAYTON HARDIN. (LT)
             Case Status                                CaseStatus
      Case Status entered as ACTV.
      Case Status ACTV: Active
      For ASI LLOYDS
             Complaint                                  Complaint
      *IMG*CONTRACT

10/20/2015   Court Case Assignment                      Case Assgn
      Court date/time: 1/05/2016  13:30    Hearing Type:  17 Clndr Call
      Assignment of court date/time.
      Status entered as Open
             Notes                                      Notes
```

Case 5:15-cv-00280 Document 1-3 Filed in TXSD on 11/23/15 Page 29 of 29

W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
CIVIL CASE DOCKETS

Webb County Courts - Live                                    PAGE
DATE  11/18/15                                               MV0260
TIME  14:48:11                                               DCCMG

================================================================================
CASE NUMBER . . . . : 2015CVF003368 D1   CASE TYPE : F01  CONSUMER/DTPA
     *IMG*CALENDAR CALL FAXED TO ATTORNEY CLAYTON HARDIN AND ATTACHED
     COPY TO CITATIONS. (LT)
          Issuance                                         Issuance
     *IMG*(2) CITATIONS ISSUED TO ASI LLOYDS AND HELD BY CLERK, PENDING
     ENVELOPE TO RELEASE CITATIONS. (LT)

     ***CITATIONS RETURNED TO ATTORNEY IN SELF-ADDRESSED; SELF-STAMPED
     ENVELOPE ON 10/27/2015. (LT)

11/18/2015   Filing Papers                              File Paprs
     *IMG* LETTER FROM LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
     DATED 11/18/15 IN RE: COPIES <CMG>